GENOVA & MALIN LLP
Attorneys for the Debtor
Hampton Business Center
1136 Route 9
Wappingers Falls NY 12590
(845) 298-1600
Andrea B. Malin, Esq. (AM4424)
Michelle L. Trier, Esq. (MT1212)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
--------------------------------------------------X
IN RE:                                             CHAPTER 11

THE MASTER'S COACH, LTD.,                          CASE NO. 20-35614 (CGM)

    Debtor.
--------------------------------------------------X

## STATEMENT PURSUANT TO 11 U.S.C. § 1129(a)

On June 5, 2020, the above-referenced debtor, THE MASTER'S COACH, LTD. ("the Debtor"), filed a Voluntary Petition for Reorganization pursuant to Chapter 11 of Title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of New York, and on September 2, 2020, the Debtor filed its Plan of Reorganization pursuant to the provisions of Subchapter V of Chapter 11 (the "Plan").  This statement is made pursuant to §1129(a) of the Bankruptcy Code for confirmation of the Debtor's Plan of Reorganization:

(1) In accordance with 11 U.S.C. §1129(a)(1), the Plan of Reorganization complies with the applicable provisions of Chapter 11 of the United States Code, as set forth in §§ 1122 and 1123 thereof.

(2) In accordance with 11 U.S.C. §1129(a)(2), the proponent of the Plan complies with the applicable provisions of this Chapter; and the Debtor is an entity capable of filing said Plan, and

has made the appropriate disclosures.

(3) In accordance with 11 U.S.C. §1129(a)(3), the Plan has been proposed in good faith, and is not, by any means, forbidden by law.

(4) In accordance with 11 U.S.C. §1129(a)(4), the Debtor's bankruptcy counsel, GENOVA & MALIN LLP and the Subchapter V Trustee, Eric Huebscher, have made an application for final compensation, which applications are scheduled to be heard by this Court on December 1, 2020.

(5) In accordance with 11 U.S.C. §1129(a)(5)(A)(i), the proponent of the Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the debtor and, in accordance with 11 U.S.C. §1129(a)(5)(A)(ii), the appointment to, or continuance in, such office of such individual is consistent with the interests of creditors and equity security holders and with public policy. In accordance with 11 U.S.C. §1129(a)(5)(B), the proponent of the Plan has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

(6) In accordance with 11 U.S.C. §1129(a)(6), no regulatory commission has jurisdiction over the Debtor.

(7) In accordance with 11 U.S.C. §1129(a)(7), the Plan provides for the creation of six (6) classes of claims and interests. With respect to Classes 2 and 5, which are impaired under the Plan, Class 2 has voted to accept the Plan[1]. Pursuant to §1129(a)(7)(A)(ii), each holder of the claim

---

[1] The Debtor received a ballot rejecting its Plan from Class 5 creditor, New York Business Development Corp., d/b/a Pursuit ("NYBDC"). NYBDC provided paycheck protection funds to the Debtor prior to the filing of the Chapter 11 petition. NYBDC rejects the Debtor's Plan herein solely

in the impaired classes will receive property of a value that is not less than the amount that the holders would receive if the Debtor were liquidated under Chapter 7.

(8) In accordance with 11 U.S.C. §1129(a)(8), all classes of claims or interests have either (a) accepted the Plan; or (b) are not impaired under the Plan. No votes were received by Class 2 creditors, nor did any Class 2 creditor file an objection to the Debtor's Chapter 11 Plan. Accordingly, Class 2 is deemed to have accepted the Plan. *See In re Ruti-Sweetwater, Inc.*, 836 F.2d 1263 (10th Cir 1988) (non-voting, non-objecting judgment lien creditor who was only member of class deemed to have accepted plan of reorganization without further showing that plan did not discriminate unfairly or that plan was fair and equitable); *see also In re Adelphia Communications Corp.,* 368 B.R. 140, 260-62 (Bankr.S.D.N.Y. 2007)(same). Impaired Class 5 voted to reject the Plan, as the Debtor received one vote from Class 5 and it was a rejection (as stated in paragraph 7 herein, NYBDC voted to reject the Debtor's Plan even though it is likely that NYBDC's claim will ultimately be forgiven). Despite the requirements of Section 1129(a)(8) not being met, the Debtor requests that this Court permit confirmation of the Debtor's Plan pursuant to 11 U.S.C. §1191(b), as the plan does not discriminate unfairly, and is fair and equitable with respect to Class 5 creditors.

(9) In accordance with 11 U.S.C. §1129(a)(9), the Effective Date of the Plan shall mean the date upon which the Order Confirming the Plan is final and non-appealable.

The list of expenses of administration and priority claims is attached hereto as Exhibit "A". Costs and expenses of administration, as defined in the Bankruptcy Code, which are subject to allowance by the Court, will be paid upon the effective date of the Plan.

---

on the basis that the Debtor has not submitted the application seeking forgiveness of the PPP funds. To the extent that the funds are not forgiven, NYBDC shall be paid in accordance with Class 5 claims.

There are no claims against the Debtor of the kind specified in §§ 507(a)(3), (4), (5), (6), or (7).

(10) In accordance with 11 U.S.C. §1129(a)(10), Classes 2 and 5 are impaired under the Plan. Impaired Class 2 has voted to accept the Plan.

(11) In accordance with 11 U.S.C. §1129(a)(11), confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor.

(12) In accordance with 11 U.S.C. §1129(a)(12), the Debtor is a debtor under Subchapter V of Chapter 11 and is not required to pay quarterly United States Trustee fees pursuant to 28 U.S.C. §1930.

(13) In accordance with 11 U.S.C. §1129(a)(13), the Debtor does not have a pension or retirement fund to which it contributes on behalf of employees.

(14) In accordance with 11 U.S.C. §1129(a)(14), the Debtor is not required to pay any domestic support obligations.

(15) In accordance with 11 U.S.C. §1129(a)(15), the Debtor is not an individual, and therefore, this section does not apply.

(16) In accordance with 11 U.S.C. §1129(a)(16), the Debtor shall comply with all applicable provisions of non-bankruptcy law that govern the transfer of property of a corporation.

In the opinion of counsel, the Order of Confirmation will act as a discharge of the Debtor from any debts as may be provided in § 1141 of the Bankruptcy Code.

The Debtor has in hand or proposes to deposit an amount of cash sufficient to make the first payment due under the Plan upon entry of the Order of Confirmation.

It is proponent's position that the provision of the Plan shall bind creditors of the Debtor; that

the confirmation of the Plan shall vest all of the property of the estate in the Debtor; and that after confirmation of the Plan shall vest all of the property of the estate in the Debtor; and that after confirmation of the Plan, the property dealt with by the Plan shall be free and clear of all claims of creditors.

Dated: Wappingers Falls, New York
       November 23, 2020

                                      GENOVA & MALIN LLP
                                      Attorneys for Debtor

                  By:    /s/ Michelle L. Trier
                          MICHELLE L. TRIER
                          Hampton Business Center
                          1136 Route 9
                          Wappingers Falls NY 12590

# EXHIBIT A

Administrative Expenses

1. Attorneys for Debtor          fees and expenses          $21,451.85 (less pre-petition retainer of $16,717.00)

Priority Expenses

| | | | |
|---|---|---|---|
| 1. | Section 507(a)(1) | $ | 0.00 |
| 2. | Section 507(a)(2) | $ | 0.00 |
| 3. | Section 507(a)(3) | $ | 0.00 |
| 4. | Section 507(a)(4) | $ | 0.00 |
| 5. | Section 507(a)(5) | $ | 0.00 |
| 6. | Section 507(a)(6) | $ | 0.00 |
| 7. | Section 507(a)(7) | $ | 0.00 |
| 8. | Section 507(a)(8) | $ | 0.00 |
| | Total Priority Claims | $ | 0.00 |

Secured Debt

| | |
|---|---|
| Walden Savings Bank | $ 45,000.00 |
| Ally Bank | $ 46,544.55 |
| United Leasing, Inc. | $ 143,072.78 |
| Internal Revenue Service | $ 185,860.28 |

Unsecured Debt (to be paid over life of Plan)          To be determined based upon debtor's quarterly disposable income

Total debt to be paid pursuant to Plan          $ 425,212.46

GENOVA & MAIN LLP
Attorneys for the Debtor
Hampton Business Center
1136 Route 9
Wappingers Falls NY 12590
(845) 298-1600
Andrea B. Malin (AM 4424)
Michelle L. Trier (MT1212)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
---------------------------------------------------X
IN RE:                                                                            CHAPTER 11

THE MASTER'S COACH, LTD.,                                         CASE NO. 20-35614 (CGM)

             Debtor.
---------------------------------------------------X

## LIST AND COMPUTATION OF ACCEPTANCES
## AND REJECTIONS OF AMENDED PLAN

| Creditor | Class | Accept/ Reject | Amount filed or scheduled |
|---|---|---|---|
| New York Business Development Corp. d/b/a Pursuit | 5 | Reject | $199,400.00 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
--------------------------------------------------X
IN RE:                                                                               CHAPTER 11

THE MASTER'S COACH, LTD.,                      CASE NO. 20-35614 (CGM)

                   Debtor.
--------------------------------------------------X

## ATTORNEY'S CERTIFICATION

       I, Michelle L. Trier, attorney for the above Chapter 11 debtor, certify that the ballot as set forth on the annexed list for Confirmation of the debtor's Plan of Reorganization is valid as to claim and correct as to amount.

Dated:  Wappingers Falls, New York
          November 23, 2020

                                                 GENOVA & MALIN LLP
                                                 Attorneys for Debtor

                            By:    /s/ Michelle L. Trier
                                                 MICHELLE L. TRIER
                                                 Hampton Business Center
                                                 1136 Route 9
                                                 Wappingers Falls, NY 12590